Slip Op. 17-167

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **UNITED STATES** <br><br> **Plaintiff,** <br><br> v. <br><br> **GREENLIGHT ORGANIC, INC.,** <br><br> **Defendant.** | **Before:  Jennifer Choe-Groves, Judge** <br><br> **Court No. 17-00031** |

## MEMORANDUM AND ORDER

[Defendant's motion to compel discovery is granted in part and denied in part.]

Dated: December 18, 2017

William Kanellis, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff.  With him on brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Josh Levy, Marlow, Adler, Abrams, Newman and Lewis, P.A., of Coral Gables, FL, for Defendant.  With him on brief were Peter S. Herrick, Peter S. Herrick, P.A., of St. Petersburg, FL, and Frances Pierson Hadfield, Crowell & Moring LLP, of New York, N.Y.

Choe-Groves, Judge:  This matter involves a discovery dispute in a claim brought under 19 U.S.C. § 1592 for alleged fraudulent misrepresentations made in the course of importing merchandise into the commerce of the United States.  Before the court is a motion to compel discovery brought by Defendant Greenlight Organic, Inc. ("Greenlight") against Plaintiff United States ("Government").  See Mem. Supp. Def.'s Expedited Mot. Compel, Oct. 14, 2017, ECF No. 37 ("Def.'s Mot.").  Greenlight asserts that the Government has failed to comply with discovery requests pursuant to USCIT Rules 26 and 34, and requests that the court order Plaintiff to (1) produce or compel *in camera* inspection by the court of the Report of Investigation and

other documents, (2) provide an amended privilege log, (3) produce approximately 145 documents that the Government has claimed as privileged, and (4) provide written responses and objections to Greenlight's document requests. See Def.'s Mot. 3–4. Plaintiff has filed a response to Defendant's motion. See The United States' Resp. Def.'s Mot. Compel Disc., Oct. 27, 2017, ECF No. 42 ("Pl.'s Resp."). The Government claims that the 145 documents identified on its privilege log are protected under various theories of privilege, and contends that non-privileged documents have been provided to Greenlight. See id. at 9 n. 5. The court held a telephone conference with the Parties regarding this motion on December 4, 2017. See Teleconference, Dec. 4, 2017, ECF No. 52.

First, the court will address the document requests propounded by Greenlight to the Government. The court notes that the Government produced approximately 2,861 documents in this case. Def.'s Mot. 13. The Government withheld approximately 145 documents and provided an "enhanced" privilege log that the Government states "identified the sender, recipient, custodian, date, subject, a description of each document for which a privilege was claimed, and the privileges claimed." Pl.'s Resp. 9–10. The Government has not provided, however, formal written responses with objections to Greenlight's first and second document requests, including identification of responsive documents to those requests. In this Court, parties must respond to each item in a document request, and documents must be produced unless a specific objection is made, including the reasons for the objection. USCIT R. 34(b)(2)(B). A party must respond or object to a document request within 30 days. USCIT R. 34(b)(2)(A). The court orders the Government to provide written responses and objections to Greenlight's first and second document requests. The Government is instructed to identify with

specific Bates numbers which documents are related to each of the document requests, including any documents related to the Report of Investigation and the Audit Report, and whether such documents have been produced or are being withheld as privileged. The Government is instructed to produce any remaining documents that are responsive.[1]

Second, the court will address the issue of the privilege log and the Government's related argument that approximately 145 documents are protected from discovery due to the deliberative process privilege. When a party claims privilege as the basis for withholding information from discovery, USCIT Rule 26(b)(5)(a) requires the party to "expressly make the claim" and provide a privilege log that "describe[s] the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The deliberative process privilege, and the related law enforcement privilege, are often referred to as common law executive privileges. See Landry v. F.D.I.C., 204 F.3d 1125, 1135 (D.C. Cir. 2000); Marriott Intern. Resorts, L.P. v. United States, 437 F.3d 1302, 1306–07 (Fed. Cir. 2006) (adopting the rule in Landry). The executive privilege "protects agency officials' deliberations, advisory opinions and recommendations in order to promote frank discussion of legal or policy matters in the decision-making process." Zenith Radio Corp. v. United States, 764 F.2d 1577, 1580 (Fed. Cir. 1985). In order to invoke executive privilege, the party claiming it must (1) make a formal claim of privilege via the head of the agency or his delegate, (2) submit an affidavit showing "actual personal consideration by that official," and (3) provide a detailed explanation of what the document is and why it falls within the scope of the privilege. Landry,

---

[1] The Government produced one document that is fully redacted and appears completely blacked-out. The Government acknowledged that the fully-redacted document should not have been produced, and that it would correct its privilege log. See Pl.'s Resp. 11.

204 F.3d at 1135.  Executive privilege is a qualified privilege, and once it is successfully established, the burden shifts to the party seeking discovery of the privileged information to show "compelling need" to overcome it.   Marriott Intern. Resorts, L.P., 437 F.3d at 1307.

The Government has not yet satisfied the requirements to assert deliberative process privilege over the documents in question because it only claims the privilege on its privilege log. Greenlight notes correctly that the Government must provide the requisite affidavit for each document in order to assert the deliberative process privilege.  See Def.'s Mot. 16.  The court instructs the Government to provide the requisite affidavit and the necessary explanation for each document if it wishes to assert the deliberative process privilege under the applicable law.

Third, the court will address Greenlight's request for *in camera* review of certain documents for which the Government claims privilege.  When balancing competing interests in discovery, courts have discretion to conduct *in camera* review to determine whether documents are protected by the executive privilege.  See Kerr v. U.S. Dist. Court, 426 U.S. 394, 405–06 (1976) (describing *in camera* review as "a highly appropriate and useful means of dealing with claims of governmental privilege"); Marriott Intern. Resorts, L.P., 437 F.3d at 1307 (noting the same).  A court may conduct *in camera* review when the requesting party shows "a factual basis adequate to support a good faith belief by a reasonable person . . . that *in camera* review of the materials may reveal evidence to establish" that the privilege applies.  United States v. Zolin, 491 U.S. 554, 572 (1989) (creating the standard for *in camera* review); see also Gilmore v. Palestinian Interim Self-Gov't Auth., 843 F.3d 958, 967 (D.C. Cir. 2016) (affirming lower court's application of the Zolin standard for discovery invoking executive privilege).

As noted above, the Government has not yet satisfied the requirements to establish executive privilege over the Report of Investigation, Audit Report, or any of the documents on its privilege log.  It is premature for the court to entertain a request to inspect the documents *in camera*.[2]  The court denies without prejudice Greenlight's request to inspect the documents *in camera* at this time.

Fourth, the court will address Defendant's request to compel production of the approximately 145 documents identified on the Government's privilege log.  Executive privilege is a qualified privilege, and once it is successfully established, the burden shifts to the party seeking discovery of the privileged information to show a "compelling need" to overcome it. Marriott Intern. Resorts, L.P., 437 F.3d at 1307.  As noted above, it is premature for the court to entertain a request to compel production of the documents identified on the Government's privilege log.  After the Government has the opportunity to establish executive privilege through the requisite affidavit and explanation for each document, Greenlight may then seek discovery of the privileged documents by specifying which documents it requests and demonstrating why those particular documents are needed for its case.

Upon consideration of the motion, and all other papers and proceedings in this action, it is hereby:

---

[2] During the telephone conference, the Government offered to submit the Report of Investigation to the court for *in camera* review, asserting deliberative process privilege over the document because its contents relate to the Department of Homeland Security's internal investigation procedures.  See Teleconference at 1:07:41–1:08:09.  The court received the document, but declines to conduct *in camera* review at this time until the Government properly asserts the privilege with the necessary affidavit and explanation.

**ORDERED** that Defendant's motion is granted in part and denied in part; and it is further

**ORDERED** that Plaintiff will provide written responses and objections to Defendant's first and second document requests, produce any additional documents, and amend its privilege log as necessary by January 12, 2018; and it is further

**ORDERED** that Plaintiff will provide the requisite affidavits and other information to support its claims of deliberative process privilege by January 12, 2018; and it is further

**ORDERED** that Defendant's motion for *in camera* inspection by the court of Plaintiff's privileged documents is denied without prejudice; and it is further

**ORDERED** that Defendant's motion to compel the production of Plaintiff's privileged documents is denied without prejudice.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jennifer Choe-Groves
　　　　　　　　　　　　　　　　　　　　　　　　Jennifer Choe-Groves, Judge

Dated: December 18, 2017
　　　　　New York, New York